IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOIS KUDLICKI, on behalf of )
herself and all others similarly )
situated, )
                      )
                      )
           Plaintiff, )
                      )
    v.                    )    No. 06 C 1918
                      )
CAPITAL ONE AUTO FINANCE, INC.; )
CAPITAL ONE SERVICES, INC.; and )
CASTLE MOTOR SALES, INC. )
                      )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Lois Kudlicki ("Kudlicki") has brought a class action complaint against defendants Capital One Auto Finance, Inc. ("Capital One Auto Finance"), Capital One Services, Inc. ("Capital One Services") and Castle Motor Sales, Inc. ("Castle Motor") alleging that they violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq (2006) ("FCRA"). Kudlicki has now moved to certify a class defined as

> all persons whom defendants sent or caused to
> be sent materials in the form represented by
> Exhibit A [an advertisement Kudlicki received
> from defendants, identified as Exhibit A to
> her complaint] (including the name and address
> of the dealer). Persons who responded to the
> mailing and obtained credit as a result are
> excluded.

Defendants have filed a joint response to this motion arguing that class certification is inappropriate for numerous reasons, and that

1

the proposed class definition is too broad. For the following reasons, I grant plaintiff's motion and certify a class with a slightly-revised definition, and appoint Edelman, Combs, Latturner & Goodwin, LLC as counsel for the class.

I.

The relevant background necessary to rule on plaintiff's motion, as determined from a review of plaintiff's complaint, defendants' answer to the complaint, and from the parties' class certification pleadings and exhibits, is as follows: Capital One Auto Finance is an Illinois corporation that finances auto sales. Capital One Services is a Delaware corporation and purported affiliate of Capital One Auto Finance. Castle Motor is an Illinois corporation and car dealership located in Morton Grove, Illinois. Kudlicki is a resident of Illinois.

Sometime in the two years preceding this action, Kudlicki received a mailer that she attaches to her complaint as Exhibit A (the "mailer"). This mailer was signed by the "Director of Accounts" for Capital One Auto Finance, and was on Capital One Auto Finance letterhead. The mailer was addressed to her and stated, "[t]his weekend you're invited to Castle Motor Sales Honda, where you're pre-approved for up to $25,000 in auto financing that you can use to get the car, truck or SUV you want." The mailer further stated "because you're pre-approved . . . there's no need for dealer credit applications or lengthy paperwork." The mailer

2

stated that for Kudlicki to receive her "pre-approved financing amount with no money down," she needed to simply call a toll-free number, key in her "Personal Approval Code" (which the mailer provided), write down her pre-approved financing amount on the mailer, and bring the mailer along with a phone bill and pay stub to the dealership during the weekend event. The mailer identified the "pre-approval event" as taking place March 3 and March 4, no year specified, at Castle Motor Sales Honda in Morton Grove. The mailer also provided a telephone number that Castle Motor admits it operates.

The back side of the mailer contained a paragraph labeled "Prescreen & Opt-Out Notice." This paragraph provided, "This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria, including providing acceptable property as collateral."

Capital One Auto Finance and Capital One Services admit that they caused the mailer to be sent to Kudlicki, and each defendant admits that it attempted to obtain business by "dissemination of mailers in the form represented by Exhibit A." Capital One Auto Finance and Capital One Services also have admitted that more than 200 mailers in the form represented by Exhibit A were sent to persons with Illinois addresses.

Although defendants deny this, Kudlicki alleges that defendants "prescreened" recipients of Exhibit A, and that Castle Motor provided the other defendants with the criteria used to prescreen recipients of Exhibit A. Kudlicki also alleges that Exhibit A is a form document. Kudlicki further alleges that defendants accessed the consumer report of Kudlicki and every other person to whom Exhibit A was sent, without their written permission or any "permissible purpose," in violation of the FCRA, 15 U.S.C.A. § 1681b. Therefore, Kudlicki claims that defendants willfully violated the FCRA. Kudlicki subsequently brought her complaint for violation of the FCRA. Kudlicki seeks statutory damages, injunctive relief, and attorney's fees and expenses.

In their response to Kudlicki's motion for certification, defendants present an affidavit from Ali Khatiblou ("Khatiblou"), an employee of Capital One Bank. Khatiblou contends that the offer at issue, Exhibit A to plaintiff's complaint,[1] was sent to 3,418 Illinois addressees. Of those, 3,190 addressees were pre-screened, and 228 were not. The 228 addressees who were not pre-screened received the offer because of previous transactions with Capital One Auto Finance, and Capital One Auto Finance's previous experience with those individuals. Of the 3,418 addressees, only three responded to the mailing and applied for credit.

---

[1]Khatiblou states in his affidavit that the offer at issue in this litigation, that Kudlicki identifies as Exhibit A to her complaint, was referenced by defendants as offer 05438-2F.

In her deposition, Kudlicki testified that prior to receiving Exhibit A she was a customer of Capital One Auto Finance, and received an automobile loan from it in 2004. She refinanced that loan six months later, and made payments on the loan through February of 2006. Kudlicki testified that in 2006 her daughter contacted Capital One Auto Finance to pick up the automobile that was the subject of the loan. Kudlicki testified that she still receives statements on the loan but has not made any payments on the loan since Capital One Auto Finance took possession of the automobile.

## II.

In assessing Kudlicki's motion for class certification, I must determine whether the four prerequisites of FED. R. CIV. P. 23(a) are met, and whether Kudlicki's action is maintainable under FED. R. CIV. P. 23(b)(1), (2), or (3). The four prerequisites of Rule 23(a) are that (1) the proposed class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative party are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Kudlicki elects to proceed under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Defendants' response to Kudlicki's motion presents numerous arguments in opposition to class certification, including that Kudlicki cannot meet the commonality, typicality and adequacy requirements of Rule 23(a), and that Kudlicki cannot meet the requirements of Rule 23(b) because individual issues predominate and a class action is not superior to adjudication of Kudlicki's claims as an individual action. In addition, defendants contend that Kudlicki's proposed class definition is too broad.

A.    Numerosity

In order to satisfy the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Here, by defendants' own admission, plaintiff's proposed class would have over 3,000 members. Without question, this satisfies the numerosity requirement. See e.g., McCabe v. Crawford & Co., 210 F.R.D. 631, 643 (N.D. Ill. 2002) ("Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1).") (internal citations omitted).

B.    Commonality

The second requirement of FED. R. CIV. P. 23(a) is that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The commonality requirement is satisfied by showing "a common nucleus of operative fact." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). This requirement is usually met in cases where "the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters." Id. (internal citations omitted). Defendants argue that the requirement of commonality is not met, but the arguments that they present really relate to Rule 23's typicality requirement, discussed below. As Kudlicki argues, the Seventh Circuit has noted with approval that FCRA cases such as this one, where defendants are alleged to have accessed the credit report of numerous individuals in order to send them identical mailings purportedly offering credit, are well-suited to proceed as a class action. See Murray v. GMAC Mortgage Corp., 434 F.3d 948, 955-56 (7th Cir. 2006). As the Seventh Circuit stated in Murray, one common question of law present in such cases is whether an offer was a "firm offer of credit," as determined by looking at the four corners of the offer and determining whether the offer would have value to the "normal consumer." Id. at 955 (noting that this

determination does not require a "consumer-by-consumer evaluation"). Accordingly, I find that there are questions of law and fact common to the class.

C.   Typicality

The third requirement of FED. R. CIV. P. 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." De La Fuente v. Stokely-Van Camp Inc ., 713 F.2d 225, 232 (7th Cir. 1983) (quoting Herbert Newberg, NEWBERG ON CLASS ACTIONS § 1115(b) (1977)). Defendants contend that Kudlicki's claims are not typical of the class because Kudlicki does not share common issues with individuals who (1) received the mailer but were not pre-screened by Capital One Auto Finance; (2) were approved for a loan; (3) are not Capital One Auto Finance customers; and (4) do not have outstanding debt to Capital One Auto Finance.

First, as Kudlicki points out, her proposed class definition excludes recipients of defendants' mailer who were approved for a loan, so this argument is meritless. In addition, plaintiff's complaint alleges that defendants pre-screened all recipients of Exhibit A, and defendants have acknowledged that the vast majority of the recipients of Exhibit A were pre-screened. Plaintiff argues

8

that its class definition "on its face does not include" persons who were not pre-screened, but her class definition does not explicitly exclude these individuals. I will therefore, as explained in more detail below, revise the class definition to exclude such individuals.

Defendants' last two arguments regarding typicality are also without merit. Defendants contend that because Kudlicki had a prior loan with Capital One Auto Finance and purportedly has outstanding debt with Capital One Auto Finance, her claims are not typical of the class, but defendants have presented no argument why these facts render her claims atypical. These factors have no bearing on whether defendants violated the FCRA in pre-screening Kudlicki and sending her Exhibit A. Therefore, I find that Kudlicki's claims meet the typicality requirement.

D.    Adequacy of Representation

The final requirement of FED. R. CIV. P. 23(a) is that the class representative must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The adequacy requirement is not met if the class representative has interests that are antagonistic to or in conflict with those of class members. See Uhl v. Thoroughbred Tech. and Telecomms., Inc., 309 F.3d 978, 985 (7th Cir. 2002) (internal citations omitted). Here, defendants contend that Kudlicki will not adequately represent the class because "her delinquent account with [Capital One Auto

9

Finance] raises conflicts between herself and the class she seeks to represent." Although defendants do not articulate this conflict, they suggest that because Capital One Auto Finance may bring a debt collection action against Kudlicki, her interests are in conflict with those of the class. However, defendants have presented no evidence that this possibility creates a conflict between Kudlicki and the class, or how this possibility even suggests that Kudlicki will not be motivated to vigorously prosecute her own FCRA claim against defendants. In addition, defendants have presented no arguments why the proposed class counsel, experienced in bringing FCRA class actions, is not qualified and adequate to serve as class counsel. Therefore, I find that Kudlicki and her counsel adequately protect the interests of the class.

E.      Predominance

FED. R. CIV. P. 23(b)(3) requires that a plaintiff demonstrate that questions of law or fact common to all members of the class predominate over any individual questions. For the reasons discussed above with respect to commonality and typicality, there is no reason to believe that any individual questions will predominate over the common questions in this litigation. In the section of their response devoted to addressing why individual questions predominate over common questions, defendants instead focus on arguments about why Exhibit A is a firm offer of credit.

These arguments are irrelevant and misplaced for purposes of determining whether I should certify a class.

Defendants also argue that the individual issues that predominate here are what the terms of the offer to each class member were, and whether Capital One Auto Finance would have honored the offers it extended. Although defendants argue that Murray does not support Kudlicki's argument that the predominance requirement is met here, they are wrong. In Murray, the Seventh Circuit clearly held that the question of whether a mailer was a firm offer of credit and whether a defendant intended to honor the terms of a credit offer were questions that "readily may be resolved for a class as whole." 434 F.3d at 956. Further, defendants have presented no evidence to support their argument that determining what the terms of Capital One Auto Finance's offer were is an individualized determination. There is no evidence that the "four corners" of the offer differed significantly from individual to individual, and defendants have not even suggested that this is the case. Even if the amount of credit offered to each recipient of the mailer differed, all recipients were bound by the terms of the offer as stated on the mailer. I find that the predominance requirement of Rule 23(b)(3) is met in this case.

F.     Superiority

FED. R. CIV. P. 23(b)(3) also requires that a class action be the superior method of adjudication of the claims at issue.

11

Defendants argue that the class action is not the superior method of adjudication because Kudlicki has plenty of incentive, as do other proposed class members, to bring claims on their own. However, as the Seventh Circuit noted in Murray, FCRA claims such as Kudlicki's are well-suited to class treatment. 434 F.3d at 956. Allowing the present class to proceed would be an efficient use of judicial resources, and would be superior to individual adjudication of the class members' claims. I find that Rule 23(b)(3)'s superior requirement is met here.

G.    Class Definition

Defendants' last contention is that, even if I determine class certification is appropriate, Kudlicki's proposed class definition is too broad. Defendants note that plaintiff's proposed class, on its face, would include individuals who received the mailer at issue even if defendants did not pre-screen the credit reports of those individuals. It is the viewing of the individual's credit report prior to sending the mailer that is actionable under the FCRA. See 15 U.S.C. § 1681b(c). Kudlicki does not appear to argue that individuals whose credit reports defendants did not access should be part of the class, but instead contends that her proposed class definition already excludes these individuals. I have the power to modify the definition of a proposed class if I believe the proposed definition is inadequate. See, e.g., Wallace v. Chicago

Hous. Auth., 224 F.R.D. 420, 423-24 (N.D. Ill. 2003) (internal citations omitted). Therefore, I certify the following class:

> all persons whom defendants sent or caused to be sent materials in the form represented by <u>Exhibit A</u> to plaintiff's complaint, identified by defendants as offer number 05438-2F ("the mailing"), excluding persons who responded to the mailing and obtained credit as a result, and excluding persons whose credit reports defendants did not pre-screen prior to sending the mailing.

### III.

For the foregoing reasons, I grant plaintiff's motion and certify plaintiff's proposed class with the revisions noted above. I further appoint Edelman, Combs, Latturner & Goodwin, LLC as counsel for the class.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

DATED: November 2 , 2006

13